IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:19-cr-108 |
| v. | ) |
| | ) SENTENCING MEMORANDUM |
| JOHN JAMES RAMIREZ, | ) |
| | ) |
| Defendant. | ) |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for November 23, 2020 at 11:00 a.m.

## TABLE OF CONTENTS

**I.   BACKGROUND** ........................................................................................ 2

**II.  SENTENCING CALCULATION** ............................................................. 3

**III. ISSUES TO BE RESOLVED** ..................................................................... 3

    **1.** Defendant should not have contact with minors without prior USPO approval. ................................................................................................. 3

**IV.  GOVERNMENT'S RECOMMENDATION** ............................................ 4

### I.   BACKGROUND

A three-count indictment was filed on November 6, 2019, in the Southern District of Iowa, charging John James Ramirez (Defendant) with Receiving Child Pornography, on or between April 11, 2018 and August 26, 2019, in violation of 18 U.S.C. § 2252(a)(2) and 2252(b)(1); Possession of Child Pornography, on or about August 27, 2019, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2); and Possession of Obscene Visual Representation of the Sexual Abuse of Children, on or

about August 27, 2019, in violation of 18 U.S.C. §§ 1466A(b)(1) and 2252A(b)(2). Notices of Forfeiture were also filed under 18 U.S.C. §§ 2253, 2428, and 1467.

On March 16, 2020, Defendant pleaded guilty to Counts One and Three of the Indictment. On March 31, 2020, the Court accepted Defendant's plea and adjudicated him guilty. The government agreed to dismiss Count Two at sentencing.

## II.  SENTENCING CALCULATION

In the presentence report, paragraphs 39-52, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level USSG § 2G2.2(a)(2) | 22 |
| Trafficking Reduction Under USSG § 2G2.2(b)(1) | -2 |
| Prepubescent Minor Enhancement USSG § 2G2.2(b)(2) | +2 |
| Sexual Abuse of Infant or Toddler Enhancement USSG § 2G2.2(b)(4) | +4 |
| Use of Computer Enhancement USSG § 2G2.2(b)(6) | +2 |
| Greater than 150 Images But Fewer Than 300 USSG § 2G2.2(b)(7)(B) | +3 |
| Acceptance of Responsibility USSG § 3E1.1(a), 3E1.1(b) | -3 |
| Total Offense Level | **28** |
| Criminal History Category | I |
| Guideline Sentencing Range: | 78 to 97 months |

### III.   ISSUES TO BE RESOLVED

#### 1.   Defendant should not have contact with minors without prior USPO approval.

A district court has discretion when imposing terms of supervised release. *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009). That discretion is broad when it comes to ordering special conditions, so long as "each condition: 1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.*

Defendant objects to the special condition that he not have direct contact with minors without the prior approval of USPO, as he is believes that such a condition may prohibit him from having contact with his minor child. (PSR p. 34, ¶ 5.)

The Eighth Circuit has previously affirmed this condition even in cases where it impacted a defendant's ability to have contact with his own children. *See United States v. Mark*, 425 F.3d 505 507-08 (8th Cir. 2005). In fact, the Circuit has stated that "requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate[,] given the fact that most sexual abuse of children takes place at the hands of family members or friends." *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006) (refusing to grant blanket exception for grandchildren); *but see United States v. Davis*, 452 U.S. 991 (8th Cir. 2006) (plain error in applying special condition prohibiting contact with minor children to defendant's own children).

3

Here, the government requests that the Court impose this special condition, as it is necessary to protect minors and is reasonably related to both the offense of conviction and the § 3553(a) factors. The government takes no position, however, as to whether the Court excepts Defendant's minor child from its application.

## IV.  GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Court should consider Defendant's history and characteristics when determining the appropriate sentence in this case. Defendant has exhibited a sexual attraction to children for a lengthy period of time. (PSR ¶ 11.) He has also expressed dangerous beliefs about children, specifically that they should be able to have sexual intercourse as soon as they are "able to conceive," i.e. begin menstruating. *Id.* This demonstrates a harmful belief that a female child should be able to have sexual intercourse merely because she may have started menstruating; which, on average,

4

now begins at age 12.¹ Although there is no proof, at this time, that Defendant has committed any sexual assaults, the fact that he has expressed this belief reveals that he poses a very clear risk to the public.

Defendant also chose to position himself, for quite some time, in places where he would have access to young people. He received a degree in Theology, but he minored in Youth Ministry. *Id.* ¶ 84. He then spent time in his church in Davenport working as a youth minister and with the Vacation Bible School program. *Id.* ¶¶ 17, 64. This is classic sex offender behavior; someone who positions themselves to have access to children, gain their trust, and groom them.

In addition to receiving and possessing child pornography, Defendant was creating "virtual novels." *Id.* ¶¶ 19, 26. Defendant admitted that the content was pornographic, but claimed it did not involve children. *Id.* ¶ 19. At the same time, however, he possessed computer-generated child pornography, which would have been created with the same 3D rendering program he used to create his "virtual novels." And when informed by Detective Johnson that CGI child pornography was still child pornography, Defendant's response was, "oh, is it?" *Id.* ¶ 24. Thus, it is not hard to believe that Defendant may have been creating CGI child pornography.

Finally, Defendant adamantly denied his conduct, even when confronted with it. While Defendant has accepted responsibility to the point of entering a guilty plea in this case, it remains be seen how much of his conduct Defendant actually admits. In many child pornography cases, when confronted with evidence, the suspect admits

---

¹ Table 1, https://www.cdc.gov/nchs/data/nhsr/nhsr146-508.pdf (last accessed Nov. 17, 2020).

his conduct. But not here. Defendant adamantly and persistently denied it, going so far as to incredulously claim that the few times he "stumbled" upon child pornography he "reported" it. *Id.* ¶¶ 22-23. Despite Detective Johnson describing actual images or videos he knew Defendant possessed or websites he knew Defendant had visited, Defendant still denied it. *Id.* ¶ 24-25.

The Court should also consider the serious nature and circumstances of the offense, coupled with general deterrence. Defendant received and possessed more than 200 images or videos depicting child pornography, which does not include images or videos depicting children whose ages were difficult to ascertain. *Id.* at ¶ 27.

Imposing serious penalties on those who seek, view, and save child pornography serves the interest of the victims depicted in the images and videos. These victims are harmed not only when the child pornography is produced, but on a perpetual basis, as the images are endlessly disseminated over the Internet. Downloading, sharing, and possessing child pornography are not "victimless" offenses—even when the victims depicted in the images and videos remain unidentified. The victims continue to suffer knowing that the most traumatic moments of their lives are endlessly recirculated, endlessly downloaded, and endlessly viewed by individuals like Defendant who take great pleasure in what caused those victims tremendous harm. Even a "'passive' consumer who merely receives or possesses the images directly contributes to this continuing victimization." *United States v. Sherman*, 268 F.3d 547, 548 (7th Cir. 2001). "Indeed, one of the

reasons for criminalizing the 'mere' possession of child pornography is to create an incentive for the possessor to destroy the material, and alleviate some of these harms to the children depicted." *Id.* at 547.

Therefore, the government respectfully requests that the Court impose a guideline sentence in this case, which is sufficient but not greater than necessary under the § 3553(a) factors.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the Defendant's final sentence.

                            Respectfully submitted,

                            Marc Krickbaum
                            United States Attorney

By: */s/ Torrie J. Schneider*
     Torrie J. Schneider
     Assistant United States Attorney
     U.S. Courthouse
     131 E. Fourth Street, Suite 310
     Davenport, Iowa 52801
     Tel: (563) 449-5432
     Fax: (563) 449-5433
     Email: torrie.schneider@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020,
I electronically filed the foregoing with
the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: */s/ Torrie J. Schneider*
    Torrie J. Schneider